# COUNTY OF AROOSTOOK.

### HIRAM ESTY *versus* RICHARD L. BAKER.

A lease of lands for twenty years, with the right of perpetual renewal, may be transferred by deed, as well as by assignment on the back of the lease, and in either case the interest of the assignee passes.

Placing a shaft from one building to another, across a passage-way of which another person owns the fee, is a trespass, although the shaft passes under a bridge or platform, and does not interfere with the use of the passage; and an action may be maintained therefor.

A deed conveying a mill, "together with the land and privilege where the same is situated, necessary for and attached to said mill, hereby meaning to convey all the land and mill privilege not heretofore sold by us, *on the dam* connected with said mill and privilege," may be construed to convey not only the land on which the mill stands, but land attached to it, necessary for its existence. But whether it conveys land *above* the dam, previously set apart for a road, by a lease with the right of perpetual renewal, *quære.*

ON REPORT of the evidence by APPLETON, J.

TRESPASS *quare clausum fregit.* Plea, general issue, with brief statement claiming title in the defendant to the *locus in quo.*

The plaintiff adduced in evidence a lease from Jay S. Putnam and Aaron R. Putnam to Samuel Houlton, dated March 15, 1841, for twenty years, with the right of perpetual renewal, and a deed from Houlton to the plaintiff, dated March 10, 1843; also deeds from the Putnams to Rufus Mansur, April 29, 1844; Houlton to Mansur, March 6, 1851; Mansur to plaintiff, Dec. 2, 1851; Putnam to Kelleran, May 20, 1837. All the above deeds and lease were duly recorded.

It appeared that the plaintiff erected, in 1841, on the premises leased to Houlton, a factory building, which was afterwards burned, and another erected on the same spot. Among the rights granted in the lease to Houlton, was the

right to make a road on the south side of the grist mill to the county road. This road the plaintiff had built. In 1857, the defendant erected a shop near said road or passage-way, and placed a shaft from his shop to his grist mill on the other side of the passage-way, running the shaft under a bridge or platform, and so as not to obstruct the passage-way to the factory.

The defendant introduced deeds from the Putnams to Kelleran, Nov. 21, 1834; Putnam to Hussey, May 13, 1843; Hussey to Small, date not given; Small to Trueworthy, Sept. 15, 1846; Trueworthy to Ingersoll, date not given; Ingersoll to May and Vanwart, July 5, 1856; lease, May and Vanwart to the defendant, September 9, 1857. The land described in these deeds included the grist mill, "together with the land and privilege where the same is situated, necessary for and attached to the said grist mill, hereby meaning and intending to convey all of the lands and mill privilege, not heretofore sold by us, on the dam connected with said grist mill and privilege," &c. All the above deeds were duly recorded.

The defendant offered to prove that the land on which the trespass was alleged, was necessary to the grist mill, and that the lease to Houlton, under which the plaintiff, in part, derived his title, had been surrendered; all of which the Court excluded. The Court ruled, that the conveyance of the grist mill covered only the land on which it stood; that the lease to Houlton was assignable, and was duly assigned to the plaintiff; and that the location of the shaft across the passage-way leading to the plaintiff's factory, was a trespass, for which the defendant was liable in nominal damages.

The case was reported for the decision of the full Court, whether the ruling of the presiding Judge was erroneous, or the evidence excluded was material and admissible, in which case the action to stand for trial; otherwise a default to be entered with one cent damages.

*J. Granger,* for the plaintiff, argued that the words "connected with said grist mill and privilege," in the defendant's

deed, were intended to restrict and limit, and not to enlarge the grant.

2. A perfect description in a deed is not to be defeated by a further and false description. 1 U. S. Dig., 538; *Crosby* v. *Bradbury*, 20 Maine, 61; *Vose* v. *Handy*, 2 Maine, 322; 4 Mass., 146. Where doubt arises, the practical construction of the parties to a deed is entitled to great weight. *Stone* v. *Clark*, 1 Met., 378; *Adams* v. *Frothingham*, 3 Mass., 362.

3. Nothing passed by the deed of Putnams to Hussey but the grist mill, the land under it, and the water power to carry two runs of stones. *Leonard* v. *White*, 7 Mass., 6; *Blake* v. *Clark*, 6 Maine, 436; *Grant* v. *Chase*, 17 Mass., 443; *Otis* v. *Smith*, 9 Pick., 293; *Thompson* v. *And. Bridge*, 5 Maine, 62; 6 Cowen, 677; 13 Met., 109.

4. The fee passed by the deeds, Putnams to Mansur, and Mansur to the plaintiff. Conditions in the deed, not consistent with the grant, are void.

5. But possession is sufficient for the plaintiff to maintain this action. If the defendant fails to make out his title, against the plaintiff's prior possession, the defence fails.

6. The plaintiff, if not owner of the fee, is entitled to maintain this action as tenant at will, having received no notice to quit. *Young* v. *Young*, 36 Maine, 133; *Dickerson* v. *Godspeed*, 8 Cush., 119.

*Blake & Garnsey*, for the defendant.

1. Trespass *quare clausum* will not lie for running a shaft under a passage-way, without touching a timber or the ground, but merely passing through the air. *Eames* v. *Prentice*, 8 Cush., 337; 1 Johns., 512; 12 Johns., 184.

2. The lease to Houlton was not assignable, but, if assignable, it conveys only a right of way, with which the shaft does not interfere. *Atkins* v. *Badman*, 2 Met., 474.

3. The deed to Mansur, and from Mansur to the plaintiff, conveys the fee to the factory, but only a right to a passage-way leading to it, forbidding the grantee to use the land south of the grist mill for any other purpose than for a passage-way.

4. The conveyance of the grist mill passed the land neces- sary to its use as a grist mill, and that had been so used. *Whitney* v. *Olney,* 3 Mason, 380; *Maddox* v. *Goddard,* 15 Maine, 224; *Furbush* v. *Lombard,* 13 Met., 109; *Moore* v. *Fletcher,* 16 Maine, 66.

The opinion of the Court was drawn up by

APPLETON, J. — On the 15th of March, 1841, Jay S. Put- nam and Aaron R. Putnam leased for the term of twenty years, with the right of perpetual renewal, to Samuel Houl- ton, the premises on which the plaintiff's factory is erected, with " the privilege of making a road at the south end of said grist mill to said premises, *not obstructing* the privilege of said grist mill," &c.

On the 10th of March, 1843, Samuel Houlton, by deed of that date, conveyed all his interest in the premises leased, to the plaintiff.

The lease was assignable, and, whether the assignment be by deed, or writing on the back of the lease, is immaterial. The interest of the assignor equally passes, whichever mode of transfer be adopted.

On the 29th of April, 1844, Jay S. Putnam and Aaron R. Putnam deeded to Rufus Mansur the premises which were in- cluded in the lease previously given, *together with the land here- tofore used as a road to the plaintiff's factory,* specifically describ- ing by metes and bounds the land over which the road had passed; with a restriction upon Mansur, that he should not " occupy that portion of the premises south of the grist mill, and now used as a road to the factory, for any other purpose than a road." These premises, Rufus Mansur, on the 3d of Dec., 1851, conveyed to the plaintiff.

The trespass complained of consists in the defendant's plac- ing a shaft, running from defendant's shop to the grist mill, and across the road leading to the plaintiff's factory. The shaft was underneath the bridge or platform over which was the passage-way, but it in no respect interfered therewith.

If the plaintiff's rights were only such as he derived from

the assignment of the lease to Houlton, he could not maintain this action. He thereby acquired only an easement in the land over which the road passed, and, as he is not injured in his right of way, he would have no cause of complaint.

But the deed of Mansur conveyed the fee of the road, if Mansur had the title thereto. The gist of the action of trespass *quare clausum* is the being disturbed in the possession of the land upon which the wrongful entry has been made. *Anderson* v. *Nesmith*, 7 N. H., 167. If the close is "illegally entered, a cause of action at once accrues. Whatever is done after the breaking and entering is but an aggravation." *Brown* v. *Menter*, 2 Foster, 468. The defendant had no right of entry upon the premises, unless for the purpose of passing over the same. If he did more, he became a trespasser. The entry for the purpose of placing the shaft across the passage-way, though under the platform, and not obstructing the right of passage, was unauthorized, and the defendant, by so doing, became liable in trespass. The mere continuance of a building on another person's land, even after the recovery of damages for its erection, is a trespass for which an action will lie. *Holmes* v. *Wilson*, 10 A. & E., 503.

The action is therefore maintainable, unless the defendant can disprove the title of the plaintiff to the land used as a passage-way, and included in the deed of the Putnams to Mansur of the 29th of April, 1844, and show title in himself, or those under whom he derives his rights. This he attempts to do.

The defendant claims that "the land south of the grist mill, and now used as a road to the factory," was included in the mortgage deed of Jay S. Putnam and Aaron K. Putnam to Bachellor Hussey, dated May 13, 1843, and which was prior to the conveyance under which the plaintiff derives his title. This deed is of "the grist mill in said Houlton, on the Meduxnakeag stream, now owned and occupied by us, with all the appurtenances and machinery thereto belonging, *together* with the land and privilege where the same is situated, necessary for and attached to the said grist mill; hereby meaning

and intending to convey all of the lands and mill privilege (not heretofore sold by us) *on the dam* connected with said grist mill and privilege," &c.

The presiding Judge ruled that the conveyance of the grist mill covered *only* the land upon which it stood. This, we think, regard being had to the language of the conveyance, was too restricted a construction thereof. By the term, "a grist mill," the fee of the land upon which it stood would pass. *Blake* v. *Clark*, 6 Greenl., 636. But there might, from the situation of the mill, be land necessary for its existence, attached to it, and used and occupied with it at the time of conveyance, which, it would seem, would pass with it. *Forbush* v. *Lombard*, 13 Met., 109; *Moore* v. *Fletcher*, 16 Maine, 63.

But it may be considered questionable whether the land south of the grist mill, and above the dam, which had been set apart for a road by a lease, with the right of perpetual renewal, was either land necessary for or attached to the mill, or was *on the dam*, according to the meaning of that expression in the conveyance. But in the present aspect of the case, it is not material to answer this inquiry.

*The case to stand for trial.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.