## SAMUEL CLAYCOMB

*v.*

## JAMES McCOY.

1. ALLEGATIONS AND PROOFS—*under a count for money had and received.* A common count which declares for money had and received by the defendant for the use of the plaintiff, is not supported by evidence, that the plaintiff paid money for the use of the defendant.

APPEAL from the Circuit Court of Warren County; the Hon. JOHN S. THOMPSON, Judge, presiding.

This was an action of assumpsit, brought by McCoy against Claycomb, for money paid by McCoy, a collector of taxes, in discharge of the delinquent taxes of Claycomb, at his request, and upon his promise to refund the money in a short time, with interest.

The declaration counted for money had and received by the defendant for the use of the plaintiff, to which the defendant pleaded the general issue.

On the trial, it was proved for the plaintiff, that the money was paid by him for taxes, for the use of the defendant, and a verdict for the plaintiff.

Defendant moved for a new trial, which was denied, and judgment rendered. The cause is brought to this court by appeal, and the principal error assigned is, that the evidence does not support the averment in the declaration.

Messrs. HARRIS, HALL & HOFFMAN, for the appellant.

Mr. JOHN J. GLENN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

We are obliged to reverse this judgment. Although the appellee would have been clearly entitled to his verdict under a declaration properly framed, yet we can not hold that money paid by him at appellant's request, in discharge of the taxes of the latter, can be collected in an action for money had and received. It is true, there are cases such as the appellee's counsel cites, in which it has been held that a promissory note is admissible in evidence, under a count for money had and received, the actual consideration of the note not appearing. In such cases, juries have sometimes been allowed to presume the note was given for money had and received. But we know of no case in which a recovery has been allowed under a count for money had and received, where the only proof of indebtedness has been, not that money or money's worth has been received by the defendant for the use of the plaintiff, but that the plaintiff has paid money for the use of the defendant. This was the present case, and we are obliged to say, there was such a variance between the declaration and the evidence, that the objection to the latter should have been sustained.

The appellee will have leave to amend his declaration.

*Judgment reversed.*