CUMBERLAND AND OXFORD CANAL CORPORATION *vs.* GEORGE F. HITCHINGS.

Cumberland, 1872.—August 5, 1876.

*Nuisance. Trespass. Damages.*

The measure of damages for a continuing nuisance, or a continuing trespass, for which successive actions may be maintained till the wrong doer is compelled to remove the nuisance or discontinue the trespass, is the loss sustained at the date of the plaintiff's writ and for which a recovery has not already been had, and not the diminution in the value of the estate.

When one wrongfully places an obstruction upon the land of another, he is under a legal obligation to remove it, and successive actions may be maintained until he is compelled to remove it.

The filling up of a canal wrongfully is a trespass for which successive actions may be maintained till the obstruction is removed.

ON EXCEPTIONS from the superior court.

TRESPASS for filling about two hundred yards of the canal bed immediately below Vaughan's bridge in 1867. The filling was admitted and justified under authority of the city of Portland in the construction of a street. The justice instructed the jury *inter alia*: "Whatever diminution there is in the value of the property by reason of the trespass is an element of damage." The defendant, the verdict being for the plaintiffs, excepted.

*J. W. Symonds & C. F. Libby,* for the defendants.

*F. O. J. Smith, C. P. Mattocks & E. W. Fox,* for the plaintiffs.

WALTON, J. It is now perfectly well settled that one who creates a nuisance upon another's land is under a legal obligation to

remove it. And successive actions may be maintained until he is compelled to do so.

In *Holmes* v. *Wilson*, 10 Ad. & E., 503, (E. C. L. R., vol. 37,) where the trustees of a turnpike road built buttresses to support it on the land of A., and A. thereupon sued them and their workmen in trespass for such erection; it was held that after notice to the defendants to remove the buttresses, and a refusal to do so, A. might bring another action for trespass against them for keeping and continuing the buttresses on the land, and that the former recovery was no bar.

And in *Bowyer* v. *Cook*, 4 C. B., 236, (E. C. L. R., vol. 56,) where the defendant was sued in trespass for placing stumps and stakes on the plaintiff's land, and the defendant paid into court 40 s., which the plaintiff took out in satisfaction of the trespass, and then gave the defendant notice, that, unless he removed the stumps and stakes, another action would be brought against him, it was held, that the leaving of the stumps and stakes on the land was a new trespass, for which another action could be brought and maintained.

And in *Russell* v. *Brown*, 63 Maine, 203, where the defendant erected a building which extended nine inches on to the plaintiff's land, it was held by this court that a second action of trespass could be maintained for the continuance of the building on the plaintiff's land, notwithstanding the recovery and satisfaction of a judgment for the original erection.

The doctrine of all these cases is, that a recovery of damages for the erection of a building, or other structure, upon another's land, does not operate as a purchase of the right to have it remain there ; and that successive actions may be brought for its continuance, until the wrong doer is compelled to remove it.

And, as a necessary result of this doctrine, it has been held,— and we think correctly,—that in the first action brought for such a trespass, the plaintiff can recover such damages only as he had sustained at the time when the suit was commenced. Because, for any damage afterwards sustained, a new action may be maintained ; and the law will not allow two recoveries for the same injury.

Thus, in *Battishill* v. *Reed*, 18 C. B., 696, (E. C. L. R., vol.

86,) where the defendant erected a building with eaves overhanging the plaintiff's premises, it was held that the measure of damages was not the diminution in the value of the premises, but the inconvenience suffered at the date of the plaintiff's writ. The right to maintain successive actions, as well as the measure of damages, are fully considered in this case. The same limitation upon the measure of damages is sustained in *Duncan* v. *Markley*, 1 Harper, 276; *Blunt* v. *McCormick*, 3 Denio, 283; *Thayer* v. *Brooks*, 17 Ohio, 489.

This rule is not applicable when the injury to real estate is in the nature of waste, as where a building is demolished or trees are destroyed or fences broken down. In such cases there is no legal obligation resting upon the wrong doer to repair the mischief he has done. He is liable only for the damages. And, inasmuch as but one action can be maintained, he is of course liable for the whole damage, prospective as well as retrospective, in that one suit.

But when something has been unlawfully placed upon the land of another, which can and ought to be removed, then, inasmuch as successive actions may be maintained, until the wrong doer is compelled to remove it, the damages, in each suit, must be limited to the past, and cannot embrace the future.

Such being the law, it is plain that the rule of damages given to the jury in this case was inappropriate.

The injury complained of was the filling up of the canal. The defendant, acting under authority from the city of Portland, had extended Commercial street over and across the canal by means of a solid embankment. No opening was left for the passage of either boats or water. Assuming that this embankment was unlawfully placed there—that the canal should have been bridged, not filled up—and we have a nuisance upon the plaintiff's land; something placed there which can, and, in contemplation of law, ought to be removed. For such an injury successive actions may be maintained till a removal is compelled. The damages must therefore be limited to such as the plaintiff had sustained at the date of the writ. The rule given to the jury, namely, that the measure of damages was the diminution in the value of the prop

erty, was inappropriate, and must have led to an erroneous re-
sult. For an injury in the nature of waste, it would have been
appropriate. For an injury resulting from a continuing nuisance,
it was inappropriate.                    *Exceptions sustained.*
                                              *New trial granted.*

APPLETON, C. J., BARROWS, DANFORTH and PETERS, JJ., con-
curred.

VIRGIN, J., did not sit.