Lieneman & Schmidt, Grande Brothers, Parberry and Kertz, is not erroneous.

The claims of Vehmeyer and the Lincoln National Bank were correctly disposed of. They were based on what purported to be warehouse receipts issued by T. W. Hall & Co. That firm was never in the business of warehousing, although they had for several years issued what were in form warehouse receipts of their own property stored in their own warehouse. That course of business does not make what is known as a warehouseman, nor does a receipt of that character furnish any greater protection to the holder than an unacknowledged chattel mortgage.

No attorney's fee should be deducted from the share of appellants in the proceeds of the wool. The attorney's fee should be paid by the assignee from the general fund, except so far as the direction to pay from the shares of the several parties having priorities was consented to or not complained of. So far as the other charges and expenses are concerned, the decree is approved.

Patterson Brothers, Lieneman & Schmidt, Grande Brothers, Parberry and Kertz will recover their costs in this court against appellants. Vehmeyer and the Lincoln National Bank will be charged with their own costs, and appellants will recover one-third of their costs from the Union Trust Company. We think no error is disclosed by the record aside from those pointed out herein.

The decree is reversed and the cause remanded with directions to the County Court to enter a decree in conformity with this opinion.

*Reversed and remanded with directions.*

33  341
44  218

## Louis J. Daegling
## v.
## The Illinois Vault Company.'

*Master and Servant—Building Contractor—Extras—Recovery for—Delay—Damages—Evidence—Instructions.*

1. No complaint can be made of a refusal to give a certain instruction, where the substance thereof is contained in one given.

2. In an action by a building contractor to recover for alleged extra labor and damages for delay, this court declined, in view of the evidence, which was conflicting, to disturb the verdict for the defendant.

[Opinion filed July 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

.Messrs. E. A. OTIS and WALTER MATTOCKS, for appellant.

Messrs. ABNER SMITH and J. M. CLEAVER, for appellee.

It is the settled law of this State that, if the jury have been properly instructed as to the law involved in a case, the judgment will not be reversed, although some of the refused instructions may contain correct statements of law. And there will be no error in refusing to give an instruction when the substance of it has been given in another. Hessing v. McCloskey, 37 Ill. 342; McKichan v. McBean, 45 Ill. 228; Chicago & Eastern R. R. Co. v. Holland, 122 Ill. 461.

The law was fully and correctly stated in the first instruction given for plaintiff, appellant, and the instruction embodies substantially and fully the law as asked in the instruction that was refused. And this style of comprehensive instruction has been highly commended by the Supreme Court. Hanchett v. Kimbark, 118 Ill. 121.

As to the bill for extra work, in which was included an item of $765 for excavation, little need be said, since by the contract it was to be determined by the architects, Burnham & Root, whether it was included in the contract, and they decided, before it was done, that it was included in the contract, and the plaintiff, before commencing to excavate, acquiesced in their decision.

GARY, J. The appellant, by contract with the appellees, did the excavation and mason work in substantially rebuilding a structure burned down. He claimed for extra excavation

and damages for delay.   The error here assigned as to the first claim is the refusal of this instruction:

"If the jury believe from the evidence that the said architects, Burnham & Root, did not, as a matter of fact, pass upon the claim made by the plaintiff for excavating, but left that matter to be determined by the superintendent, who refused to allow the plaintiff pay for said work, then such act would not be binding upon the plaintiff."

But, at the instance of the appellant, the court had given this: "The jury are instructed that when the contract provides that the decision of the architect shall be final and binding upon the respective parties to the contract, such agreement does not contemplate that said architect shall do otherwise than to exercise his fair and honest judgment in passing upon the value of the material and services rendered, and such discretion on his part can not be delegated to his superintendent or any other person in his behalf; and in case the exercise of such judgment should be delegated to the superintendent in charge of the work, or to any other person, for his decision, then such a decision would not be binding upon either party to said contract, but such architect may use the services of a superintendent or other person to obtain information as to such work, materials or services, and may act upon such information; the parties who have agreed to submit matters to the decision of two architects are entitled to a decision which is the decision of both."

Whether, under the contract and specifications, which were put in evidence, without the drawings to which the latter referred, the appellant could make any claim for extra excavation, need not be decided.   The instruction given embraced all that the one refused contained.

The claim for damages for delay was fairly submitted to the jury upon conflicting evidence, and the verdict is conclusive.

There is no error and the judgment is affirmed.

*Judgment affirmed.*