54  611
159s 598

## Chicago & Alton Railroad Company v. Louisa Robbins.

1. PRACTICE—*Giving Instructions in the Absence of the Parties.*—After the jury had retired from the bar of the court and were considering their verdict, and after counsel for defendant had retired, a com-

munication was sent by the foreman of the jury to the court, as follows : "To the Judge:

"If the jury should find in favor of the plaintiff, should the damages be assessed up to the commencement of suit or up to the present time?
                              B. F. LATHAM, Foreman."

The judge wrote thereon the following words, viz.: "Up to the present time," and sent the same back to the jury. *Held,* not error.

2. DAMAGES—*In Actions Quare Clausum Fregit.*—When a wrongful act is done producing an injury which is not only immediate, but from its nature permanent, and must necessarily continue to produce loss, independent of any subsequent wrongful acts, the damages resulting, both before and after the commencement of the suit, may be recovered in one action.

**Memorandum.**—Trespass *quare clausum fregit.* Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed May 28, 1894.

## STATEMENT OF THE CASE.

This is a suit of trespass *quare clausum,* for an alleged injury to appellee's property at the northwest corner of the intersection of Main street and the Alton railroad, in the city of Chicago.

The declaration in substance charges appellee and appellant are the owners of adjacent premises, appellee's fronting on Main street aforesaid, and appellant's lying immediately south. Over appellant's are laid the main and various side tracks of appellant's railroad, the side tracks being on the north side of appellant's and near appellee's lot.

It is charged in the declaration that the appellant, between the 1st day of October, 1882, and the commencement of this suit, and while in the possession of its said premises, was building, filling, grading, laying ties, cross-tracks, railroads, and making other improvements on said premises, and by its servants so carelessly, negligently and improperly prosecuted said work, that the appellee was greatly injured and damaged in her property and possession, and the same and certain improvements thereon, to wit, two houses and fences were greatly injured, damaged and destroyed, and that said appellant placed and laid divers large quantities of dirt,

gravel, etc., upon said premises, and kept and continued the said dirt and gravel so there put, placed and laid without the leave or license and against the will of plaintiff, and kept the same there until the commencement of this suit, and then and there shattered, destroyed and damaged two dwelling houses and made them untenantable.

And that divers sparks, brands of fire, smoke and soot, were by the carelessness, negligence, etc., of defendant, thrown upon said dwelling houses, and they thereby became untenantable, etc.

The plea of the general issue was filed.

The defendant offered in writing various instructions, some of which were given and others refused.  After the jury had retired from the bar of the court and were considering of their verdict, and after counsel for defendant had retired from the court, a communication was sent by the foreman of the jury to the court, in substance, as follows :
" To the Judge :

If the jury should find in favor of the plaintiff, should the damages be assessed up to the commencement of suit or up to the present time ?

B. F. LATHAM, Foreman."

The " court" or judge thereof, wrote thereon the following words, viz : " Up to the present time," and sent the same back to the jury, whereupon the jury rendered their verdict.

The case was commenced on the 12th day of October, 1887, and tried before Judge Richard M. Clifford and a jury on the 17th and 18th days of October, A. D. 1893, and on the 19th day of October, 1893, a verdict was rendered by the jury of defendant guilty, and plaintiff's damages assessed at $1,100.

APPELLANT'S BRIEF, JOHN M. SOUTHWORTH, ATTORNEY.

If damages (beyond mere nominal damages) are recoverable at all, they should be limited to injuries sustained prior to the commencement of this suit, and hence computed by the jury only up to that time.   Wood's Mayne on Damages

(1st Ed.), 141, and cases cited; 3 Sutherland on Damages, 369, and cases cited; 5 Am. & Eng. Enc., 1,820.

The court erred in sending to the jury a communication and directions to compute damages up to the time of the trial of the cause, and this after the jury had retired from the bar of the court and in the absence of counsel for the defendant. 11 Am. & Eng. Encyc. Law, 262, and cases cited.

H. T. & L. HELM, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged that it was reversible error for the court in the absence of counsel to instruct the jury to compute damages up to the time of the trial of the cause.

We do not think that, the jury having asked for further instructions, it was the duty of the court to delay an answer until appellant or its counsel could be hunted up and brought in. The entire proceeding was in open court. The absence of appellant was entirely voluntary on its part, and the court was under no obligation under such circumstances to keep the jury waiting until appellant came in. Nor do we think that the mere omission of the court to write, "Given" upon the instruction handed to the jury at their request, warrants a reversal of the judgment in this case.

In determining as to up to what time damages in an action of trespass *quare clausum fregit* are to be computed, the nature and effect of the trespass are to be considered. This subject was very fully commented upon in the Town of Troy v. Cheshire R. R. Co., 23 N. H. 83–101. The rule there enunciated is: "Whenever the nuisance is of such a character that its continuance is necessarily an injury, and where it is of a permanent character, that will continue without change from any cause but human labor, there the damage is an original damage, and may at once be fully compensated, since the injured person has no means to compel the individual doing the wrong to apply the labor necessary to

remove the cause of injury, and can only cause it to be done, if at all, by the expenditure of his own means."

The Supreme Court of this State in Cooker v. Randall et al., 59 Ill. 317, said: "When a wrongful act is done which produces an injury which is not only immediate, but from its very nature is permanent, and must necessarily continue to produce loss, independent of any subsequent wrongful acts, then the damages resulting, both before and after the commencement of the suit, may be estimated and recovered in one action."

The trespass in the present case is not only of a permanent nature, and one which will continue to produce loss, independent of any subsequent acts, but having been committed by a public railway corporation in the construction of its road bed, it is as against appellant to be presumed that what it has done was and is a proper construction necessary to the transaction of its duty to the public.

It is true that the declaration does not in terms allege a permanent injury; but it sets forth a trespass, which is in its nature permanent unless removed by human labor.

The allegation, in terms, of a permanent injury, is not in this State, after verdict, necessary to the maintenance of a judgment for permanent damages in an action of trespass *quare clausum fregit.* C. & G. W. R. R. Co. v. Wedel, 44 Ill. App. 215; 144 Ill. 9.

The question of where the true boundary line lay, as well as of the amount of the damage, if any, appellee had sustained, were matters of fact peculiarly for the determination of the jury.

We do not find anything tending to sustain appellant's contention that appellee did anything to augment the damage resulting from the trespass.

The amount awarded may be large, considering the injury actually sustained, but we find in this record nothing that enables us to say with any degree of certainty that such is the case.

The judgment of the Circuit Court is therefore affirmed.