## Alexander Orr Bradley v. Lisetta Sattler, formerly Lisetta Casparini, Administratrix.

1. NEGLIGENCE—*Unprotected Machinery.*—A shaft in a factory revolving 300 times a minute with no protection about it; a barrel containing pumice, standing about two feet from it; access to the barrel partially obstructed by a box, standing by it on the side opposite to the shaft. It was the duty of a boy to take pumice from the barrel and put it into another box; in so doing he went between the barrel and the shaft; his overalls were caught by a pin on it; he was whirled around the shaft and killed. *Held*, the proprietor of the factory was guilty of negligence.

2. NEXT OF KIN—*Death from Negligent Act.*—Under the act requiring compensation for causing death by wrongful act, neglect or default, the widowed mother has the same rights the father would have had, if living.

**Memorandum.**—Action for damages. Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

WOLSELEY & HEATH, attorneys for appellant; JOHN N. JEWETT, of counsel.

BRANDT & HOFFMANN and J. S. KENNARD, JR., attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

A boy twelve years and three months old, employed in a factory in which there was a shaft along side of a wall, fifteen to eighteen inches from it, and the same distance from the floor. Projecting from the side of the shaft, half an inch to an inch, what the witnesses call a pin, but machinists would probably call a feather, key or spline, to a coupling of the shaft. The shaft revolving 300 times a minute, with no protection about it.

A barrel containing ground pumice standing about two feet from the shaft; access to the barrel partially obstructed by a box, higher than the barrel, standing by it on the side oppo-

site to the shaft, as well as by the work of other employes. The duty of the boy to take pumice from the barrel, putting it into a box which, for that purpose, he placed upon the box first mentioned. In so doing he went between the barrel and the shaft; his overalls were caught by the pin, and he was whirled around the shaft and killed. Such are the facts that the evidence tended to prove, and warranted the jury to believe, and on such facts no arguments of counsel, nor instructions by the court, can prevent a verdict in favor of the administratrix of the boy, and against the proprietor of the factory, whatever may be proved about the boy being told to keep away from the machinery—to be careful—not to wear an apron, that he would get killed.

The appellee was permitted to put in, over the exceptions of the appellant, the opinion of a witness that the shaft could have been boxed, which was wrong, but the fact was so obvious that it would be trifling to hold the admission of the opinion to be error. Chicago & Great Western R. R. v. Wedel, 44 Ill. App. 215; S. C., 144 Ill. 9.

The witness volunteered the further statement that it was afterward boxed, but that was at once stricken out as not responsive. Very nearly the same course was pursued in the testimony as to room for the barrel away from the shaft.

All of the complaints of the appellant as to the instructions are without any recognition of the difference between adults and children. See Hinckley v. Horazdowsky, 133 Ill. 359.

This is a better case for the appellee than was Ames & Frost Co. v. Strachupski, 145 Ill. 192, where the Supreme Court was obliged to consider the sufficiency of the evidence, and affirmed the judgment.

The damages were assessed at the maximum allowed by statute.

The appellant urges that as the father of the boy was dead, there was no one entitled to his services; that the mother, who is the administratrix, did not succeed to the right which the father had, and that therefore no substantial damages can be awarded without proof of actual dam-

ages; citing City of Chicago v. Schotlen, 75 Ill. 471, and other cases for the principles to be applied. This court is committed to the doctrine that the widowed mother has the same rights the father would have had if living. Andrews v. Boedecker, 17 Ill. App. 213.

It may be said that this court is also committed to the practice that it will review the action of the jury, and determine whether the damages awarded were excessive. But the amount of damages sustained in any particular case is a question of fact in that case, to be determined by the evidence in that case, or, where the matter is of a kind that the amount of loss is not susceptible of proof, as loss of limb, health, reputation, or, as here, the wholly conjectural pecuniary benefit of the continuance of the life of another, by what is euphoniously called the discretion and sound judgment of a jury.

The decision upon such question of fact in one case, is no guide to the decision of a similar question in another case. Even on a second appeal in the same case, where the court by numerous authorities in this State is bound to the law that it laid down on the first appeal, yet it is not bound to the same conclusion upon the facts, even if the evidence remains the same. C., B. & Q. R. R. Co. v. Lee, 87 Ill. 454.

In cases where the law allows the recovery of damages of a kind that no proof of the amount is possible, the verdicts can not be based upon any system, and harmony among them is impossible, and where the policy of the law is to trust juries rather than courts, by taking away from the court the power to talk to the jury before the verdict—summing up the evidence and pointing out its tendency—commenting upon the arguments of opposing counsel—exposing sophistries—and generally endeavoring to aid a jury really desirous to give a fair and honest verdict, it is a more delicate matter for the court to disturb the verdict than it is under a system which recognizes the court as the head of the tribunal where the law is to be administered.

What may be in fact the damages here can only be conjectured—in homelier English, guessed at.

Under such circumstances the verdict of the jury, unless

the court can say that it was dictated by passion or prejudice, and was not rendered in the exercise of their "discretion and sound judgment," should be final. We can not improve upon, and need not repeat, the argument of Westbrook J., in Hooghkirk v. President, etc., Del. v. Hud., 63 How. Pr. Rep. 328.

The judgment must be affirmed.

Waterman, J. I think that the damages awarded are excessive.