# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE CHICAGO AND GREAT WESTERN RAILROAD COMPANY

*v.*

CARL WEDEL.

*Filed at Ottawa, November 23, 1892.*

1. RAILROAD — *in a public street — whether a damage to abutting property.* If the construction and operation of a railroad and side track along a public street in front of a house and lot will not have the effect to decrease the market value of the property, but the same will sell for more money in the open market than if the tracks of the railroad had not been constructed and operated, there will be no damages and no cause of action.

2. EVIDENCE — *fixing the value of a house and lot — comparing with actual sales.* In arriving at the value of a house and lot in a city at a particular time, what similar property in the neighborhood sold for in the market about the same date, is competent evidence. Therefore, it is competent to show by a witness fixing a valuation, that his estimate is based upon what he had been paying for similar property in the neighborhood

3. SAME — *expert testimony* In an action by the owner of a house and lot to recover damages caused to his property by the construction and operation of a railway in a street just in front of the house, a witness was called by the plaintiff, who had seen the premises and location of the railroad, but who was not present when any trains had passed, and was asked this question: "From the proximity of the railroad

track, can you tell whether the smoke and cinders and gases from passing locomotives would enter these premises — enter the house ?" and he answered, " Yes, sir, very likely." *Held*, that if the witness had at any time seen trains pass the premises, it would have been proper for him to state any facts which had come to his knowledge, but that he could not assume the position of an expert and give his opinion to the jury as evidence.

4. PRACTICE — *time to object — incompetent evidence — objection too late on appeal.* If the averments in a declaration in an action by a lot owner against a railway company to recover damages, caused by the construction and operation of railroad tracks in the street fronting the lot, are insufficient to admit proof of a permanent injury, and a recovery for a depreciation of the market value of the property, the introduction of such proof should be objected to when offered on the trial. The objection comes too late when made for the first time on appeal or error.

5. ERROR WILL NOT ALWAYS REVERSE — *admission of improper evidence.* When a particular fact is so well shown by the evidence as that the improper admission of other evidence will not add any weight to the proof of that fact, such admission will afford no ground for a reversal.

6. SAME — *error waived.* If it is error for the court to deny defendant's motion, made at the close of the plaintiff's evidence in chief, to dismiss for want of evidence sufficient to authorize a recovery, it will be waived by the defendant's introducing evidence and asking instructions on the merits.

APPEAL from the Appellate Court for the First District; — heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. H. S. BOUTELL and Mr. K. K. KNAPP, for the appellant:

There are two kinds of action that may be brought against a railroad company for damages to real estate: (1) The action for consequential damages based upon the provision of our present Constitution for damaging property for the public use. *C. & E. Q. R. R. Co.* v. *Loeb*, 118 Ill. 203. (2) An action for damages caused by the illegal or negligent construction or operation of a road. In the first the plaintiff recovers for the entire damages, past, present and future, and a recovery is a bar to a second action, while the latter action may be brought as often as the illegal or negligent act occurs.

As to the evidence of the value of the property, see *I. & W. R. R. Co.* v. *Van Horn,* 18 Ill. 257; *L. B. & M. R. R. Co.* v. *Winslow,* 66 id. 221; *P. & P. U. Ry. Co.* v. *P. & F. Ry. Co.,* 105 id. 121; *White* v. *Hermann,* 51 id. 243; *Johnson* v. *F. & M. R. R. Co.,* 111 id. 418; *C. & N. W. Ry. Co.* v. *C. & E. R. R. Co.,* 112 id. 607; *Cemetery Assoc.* v. *R. R. Co.,* 121 id. 212.

Messrs. Partridge & Partridge, for the appellee, discussed the facts and evidence at some length.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of trespass on the case, brought by Carl Wedel against the Chicago and Great Western Railroad Company to recover damages caused to the plaintiff's property by the construction and operation of defendant's railroad in Rebecca street, in Chicago, in front of the plaintiff's premises. The plaintiff owned a lot, upon which he resided, twenty-four feet wide, fronting on Rebecca street. The street runs east and west, and the house is on the north side of the street, fronting south. In the construction of the road the defendant threw up an embankment crossing Rebecca street diagonally from the south-east to the north-west in front of plaintiff's premises. The embankment was shown to be about four feet higher than the natural surface of the ground, and the most of the street in front of the premises was occupied by the road-bed and tracks of the defendant's road. It is claimed in the argument that, under the declaration in this case, no recovery can be had for a depreciation in the market value of the plaintiff's property caused by a legitimate construction and operation of the road, as no general damages or general depreciation of the market value of the property was alleged. Whether the declaration was technically sufficient to allow proof of a permanent injury to the premises and a recovery for a depreciation of the market value of the property, we shall not stop to consider. If the averments of the declaration were

insufficient in this regard, objection should have been made to the introduction of the evidence on the trial, when the difficulty could have been avoided by an amendment to the declaration. But no objection was interposed ; on the other hand, the case was tried by both parties on the theory that, if plaintiff was entitled to recover at all, he was entitled to a recovery for the general depreciation of the market value of the property, caused by the legitimate construction and operation of the road. Under such circumstances, the objection now interposed comes too late. After the plaintiff had closed his evidence, the defendant entered a motion to dismiss on the ground that the evidence introduced was insufficient to authorize a recovery. This motion was overruled, and the defendant then introduced evidence on the merits and, at his request, the jury was instructed as to the law involved in considering the case on its merits. If the court erred in overruling the defendant's motion to dismiss, the error was waived by introducing evidence on the merits and the instructions to the jury, as held in *Joliet, etc., Ry. Co.* v. *Velie*, 140 Ill. 59.

It is next claimed that improper evidence was admitted on behalf of the plaintiff. A witness for the plaintiff, who had seen the premises and the location of the railroad in front of the premises, and who had not been present when any trains had passed, was asked the following question : "From the proximity of the premises to the railroad track, can you tell whether the smoke and cinders and gases from passing locomotives would enter these premises — enter the house ? (Objected to ; objection overruled ; exception by counsel for the defendant.) A. Yes, sir, very likely." If the witness had at any time seen trains pass the premises, it would have been proper for him to state any facts which had come to his knowledge. But we do not think he could assume the position of an expert and give his opinion to the jury as evidence. But, while it may be conceded that the court erred in allowing the witness to give his opinion, the error was one which could do

no harm.   The tracks of the railroad were located only a few feet from the plaintiff's house, and it is so apparent that the running of trains would throw smoke and gases in and on the premises, that the opinion of the witness would add no weight to a fact so self-evident.

It is also claimed that the court erred in refusing to allow the witness Hawley to testify in behalf of defendant, that the valuation he placed on the premises was based upon what he had been paying for similar property in the neighborhood. What similar property in the neighborhood sold for in the market was competent evidence in arriving at the value of plaintiff's property, and while the court sustained an objection to one question asked the witness Hawley, which might seem to indicate that an improper rule was laid down, yet, upon examination of the entire evidence of the witness, it will be found that no substantial error was committed.   The witness stated that the value of the house and lot in November, 1885, was about $1800.   Then the following occurred:  "Q. Was that about the price you were paying for lots in that neighborhood ? A. Yes, sir.   Q. That is, improved in substantially the way this was ?   A. Yes, sir; I don't know how; I put a valuation on the property of about $1800;  that is what I —   Q. Of the house and lot?   A. Of the house and lot; yes, sir.   Q. Was that valuation based upon what you had been paying for similar property in the neighborhood?   (Objected to; objection sustained; exception by counsel for defendant.) "   The next question following the one objected to was as follows:  " Q. What did you pay for lots similarly situated in that neighborhood ? A. With improvements?   Q. With improvements ?   A. Well, I paid from $1600 a house — well, I didn't pay over $2000 for any property in that vicinity that was worth any less than Mr. Wedel's property."

The court refused the following instruction asked by the defendant :  " The jury are instructed that, if they find from the evidence that the construction and operation of the tracks

of the defendant has caused a change in the best use to which the premises could be applied, and that the property is now worth more in the open market for the new use than it was before the construction of the road, then they should find for the defendant."

If the value of the property was increased in the market by the construction and operation of the road, then the plaintiff had sustained no damage and ought not to recover, and this, as we understand the instruction, is the principle intended to be given to the jury. But, upon looking into the record, it will be found that the court gave to the jury an instruction in behalf of the defendant which, in substance, announced the same principle. It was as follows: " The jury are instructed that, if they find from the evidence that the premises of the plaintiff will sell for more in the open market than it would if the tracks of the defendant had not been constructed and operated in the manner shown by the evidence, and that this result was caused by the construction and operation of the tracks of the defendant, then they should find for the defendant."

As the court had given this instruction, no necessity existed for giving the other one, and no error was committed in its refusal.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*