## LYNCH v. JOHNSON.

1. TRIAL—MOTION FOR NONSUIT—WAIVER.
   By putting in proofs after the denial of his motion for a nonsuit, defendant waives all rights under the motion.

2. INFANCY—BURDEN OF PROOF.
   One who relies upon infancy as a defense has the burden of proving the fact.

3. TRIAL—FACT NOT IN DISPUTE — FAILURE TO REQUEST INSTRUCTIONS.
   An objection that the court erred in submitting to the jury a question as to which the testimony was undisputed will not be considered, where no request for an instruction upon that subject was presented.

4. INFANTS—NECESSARIES—WHAT CONSTITUTES.
   Clothes furnished to an infant are within the class known as "necessaries;" but whether they were in fact necessary in the particular case is a question for the jury.

5. SAME—BURDEN OF PROOF.
   In an action for the purchase price of goods within the class known as "necessaries," furnished to the defendant while an infant, and while he was living apart from his parents, the burden of proof is upon him to show that they were not in fact necessaries, and that he was supplied with all such necessaries by his parents.

6. SAME—VOIDABLE CONTRACT—RATIFICATION.
   The voidable contract of an infant is ratified where, on coming of age, he makes a distinct acknowledgment of it, and indicates an intention to be bound by it; but mere silence is not enough, where the doctrine of estoppel is not applicable.

7. SAME—QUESTION FOR JURY.
   Where, in an action for the purchase price of goods sold to the defendant while an infant, it appears that, after attaining his majority, he recognized the debt, and promised to pay it in full if he could get an extension of time, and that he did not plead infancy when the account was presented to him, or on the return day of the summons by which the suit was commenced, the question whether the contract was ratified by him is for the jury.

Error to Ingham; Person, J. Submitted April 29, 1896. Decided June 30, 1896.

*Assumpsit* by James H. Lynch against Holmes W. Johnson for goods sold and delivered. From a judgment for plaintiff, defendant brings error. Affirmed.

This suit originated in justice's court, to recover the price of a suit of clothes sold by the plaintiff to the defendant in 1890. Plaintiff had verdict and judgment in both the justice's and circuit courts, and defendant now brings the case to this court on writ of error. According to the testimony of defendant's father, the only witness sworn in his behalf, the defendant, at the time of the purchase, was a little more than 19 years old. His father lived in Lansing. Defendant was employed as stenographer and clerk for the Detroit Stove Works, in Detroit, where plaintiff lived and conducted his business. He soon after left Detroit, and went to Cincinnati, Ohio, where he secured employment. He finally returned to Lansing, and went into business with his father. He failed to pay the account, and the bill was sent by plaintiff to Lansing for collection. When it was presented he made no claim of infancy. After the claim was presented to him, and before suit was brought, he wrote to the plaintiff the following letter:

"*Dear Sir:* I have two propositions to make to you in regard to settling the account which you claim I owe you, to wit: I will send you a check at once for $35, upon advice that you will give me a receipt in full to date, or I will agree to send you a check for $5 per month until the face of the account is paid. Your attorneys have threatened suit against me, and probably have already begun it, and, though the account ought to have been paid, I presume I should be able to show some good reasons why it had not had attention. If you wish to accept either one of these propositions, advise me by return mail, and I will do exactly as I say. If you wish to let your attorneys settle it on this basis, I will give them 10

109 MICH.—41.

papers, due 30 days apart, and pay one now. But, if you wish to take judgment, I shall have to allow you to do so. I could not raise money enough to pay it, and I am sorry to say I am not worth it, though I do not wish any judgment standing against me, if you will give me a fair chance to pay it now."

On the return day of the summons his father appeared, and entered a plea of the general issue. On the adjourned day his father again appeared, and amended the plea by giving notice of infancy.

Upon the trial, plaintiff proved that defendant ordered the suit of clothes at his place of business in Detroit, the delivery and the value, and rested. Defendant then moved that the plaintiff be nonsuited, and the case dismissed, because plaintiff had not shown that the clothes were necessaries, or that the contract had been ratified. This was denied, and the father was then introduced as a witness for the defendant, and testified to his age. On cross-examination he testified that his son left home in 1889, and that he always furnished his son with everything in the way of clothing that he asked for.

*William W. Osborn*, for appellant.

*Thomas & Collingwood*, for appellee.

GRANT, J. (*after stating the facts*). 1. When the motion was made, defendant had not rested, and, after its denial, proceeded to introduce testimony. He thereby waived all rights under the motion. *Totten* v. *Burhans*, 103 Mich. 6, and cases cited; *Morley* v. *Insurance Co.*, 85 Mich. 210. The motion, however, was properly denied. The burden of proof to show infancy was on the defendant. *Simmons* v. *Simmons*, 8 Mich. 318; *Stewart* v. *Ashley*, 34 Mich. 183.

2. The only evidence of defendant's age was the testimony of his father, and it is now urged that the court erred in submitting this question to the jury. It is a

sufficient reply to this contention that the defendant did not request the court to so instruct the jury. We need not, therefore, determine the question whether defendant's age was conclusively proven.

3. These clothes were within the class known as "necessaries." The burden of proof was then upon the defendant to show that they were not necessaries, and that he was supplied with all such necessaries by his father. Tyler, Inf. §§ 74, 75. • If defendant had been living at home with his parents, a different rule would obtain. Schouler says, "An infant, when absent from home, and not under the care of his parents, is usually liable for his own necessaries." Schouler, Dom. Rel. § 413; 1 Add. Cont. 124; 10 Am. & Eng. Enc. Law, 664. The question whether these clothes were necessaries was properly submitted to the jury.

4. Was the question of ratification properly submitted to the jury? The contracts of infants are divided by the authorities into three classes: (1) Those absolutely void, which are, as a matter of law, disadvantageous to the infant, and under no circumstances for his benefit; (2) voidable contracts,—those which may or may not be for his benefit; (3) binding contracts,—that is, contracts for necessaries. If the jury found that the defendant was of age at the time the contract was made, or that the clothes were necessaries, it would be unnecessary to consider the question of ratification. The verdict, however, was a general one, and may have been based upon ratification. Upon this question there appears to be a hopeless confusion in the decisions. It was early very generally held that these contracts were absolutely void, and that there must be an independent and express promise, after coming of age, to pay for them. This strict rule has been relaxed by the modern decisions, and while mere silence is not enough, where the doctrine of estoppel is not applicable, courts have adopted the more reasonable rule that where the party, on coming of age, has made a distinct acknowledgment of the contract, and has indicated an intention

to be bound by it, he will be held to have ratified it. This is usually a question of fact, for the jury. Silence and acquiescence have been held sufficient where it would be inequitable to permit the defense of infancy. *Terry* v. *McClintock*, 41 Mich. 492; *Langdon* v. *Clayson*, 75 Mich. 204.

This was not a void, but a voidable, contract. Defendant was absent from home, at work for himself. There was nothing to indicate to plaintiff that he was not of age. The clothes were furnished, and defendant had the use of them. He did not plead infancy when the account was presented, nor on the return day of the summons, nor in the letter. There is no claim of unfair dealing, fraud, or overreaching. The letter was a plain recognition of the debt, and a promise to pay it in full if he could get an extension of time. We think the court committed no error in leaving the question of ratification to the jury. Upon this question the case of *Henry* v. *Root*, 33 N. Y. 526, is a leading and exhaustive case. The authorities are there cited and commented upon, and the history and growth of the jurisprudence upon this subject are stated. See, also, *Bay* v. *Gunn*, 1 Denio, 108.

The judgment is affirmed.

MOORE, J., concurred with GRANT, J. MONTGOMERY and HOOKER, JJ., concurred in the result. LONG, C. J., did not sit.