THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

MARY B. McCALLUM.

*Opinion filed November 8, 1897.*

1. APPEALS AND ERRORS—*introducing evidence after refusal of peremptory instruction is a waiver.* Introducing evidence after the refusal of a peremptory instruction waives the right to assign such refusal as error.

2. SAME—*peremptory instructions should be asked before case is submitted to jury.* Alleged error of the trial court in refusing a peremptory instruction will not be considered on appeal, where such instruction was not requested until other instructions had been given for the same party submitting the case to the jury.

3. PLEADING—*prospective suffering may be recovered for, though not alleged.* An averment in a declaration for personal injury that the plaintiff was bruised, hurt and wounded, and became sick, sore, lame and disordered, and so remained for a long space of time, suffering great pain, etc., authorizes an allowance of damages by the jury for prospective suffering.

4. SAME—*the permanence of an injury need not be pleaded.* The fact that an injury is permanent in its character is a matter of evidence, and the same need not be pleaded.

5. EVIDENCE—*what sufficient to go to the jury on question of plaintiff's use of due care.* Evidence that the plaintiff in a personal injury case, who was struck by a cable train, looked in the direction from which it came before starting to cross the tracks but did not see the train approaching, and that the train had been behind a heavy wagon for some distance before reaching the crossing, is sufficient to go to the jury upon the question of the plaintiff's use of due care.

6. Same—*what sufficient to go to jury on question of defendant's negligence.* Evidence that a gripman, whose train had been moving slowly behind a large wagon for seventy-five or a hundred feet, suddenly increased the speed when the wagon turned off at a street crossing, without looking to see if the crossing was clear, may go to the jury upon the question of negligence.

*West Chicago Street Ry. Co.* v. *McCallum,* 67 Ill. App. 645, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Nathaniel C. Sears, Judge, presiding.

Egbert Jamieson, and John A. Rose, for appellant.

Edward E. Perley, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a judgment of the Superior Court of Cook county in favor of the appellee in the sum of $2000, for personal injuries sustained by her through the alleged negligence of the servants of the appellant company in the management of one of appellant's street cars, whereby she was struck and injured by said cars at a street crossing.

At the close of the testimony on behalf of the plaintiff below the Superior Court overruled the motion of the defendant company to direct the jury to find the defendant not guilty, and such ruling of the court is assigned as error. Any complaint which the appellant company might justly have made against the ruling of the court must be regarded as waived, for the reason it did not abide by the motion, but proceeded to introduce witnesses in its own behalf to contradict the case made by plaintiff. *Chicago and Great Western Railroad Co.* v. *Wedel,* 144 Ill. 9; *Harris* v. *Shebek,* 151 id. 287.

At the close of the testimony for both parties in the case the cause was submitted to the jury for decision, and

the appellant, among other instructions presented to the court to be given to the jury, asked the following:

11. "The court instructs the jury to find the defendant *not guilty.*"

The court refused to grant the instruction, and the appellant company preserved an exception. The purport of the instruction was to ask the court to determine the evidence was insufficient to warrant the submission of the case to the jury. But the appellant company had, before asking the instruction, joined in submitting the case to the jury, and could not therefore be allowed to withdraw the submission and insist there was nothing for a jury to determine. If it was the design of the appellant, in presenting the instruction, to preserve for review in this court the question whether, as matter of law, the evidence justified the submission of the case to a jury, it should, at the close of all the evidence, have presented to the court a written instruction asking that the evidence be excluded and the jury directed to return a verdict in its favor. (*Vallette* v. *Bilinski*, 167 Ill. 564; *Peirce* v. *Walters*, 164 id. 560.) We cannot agree the court erred in refusing to give the instruction under consideration.

The court instructed the jury that if they should find the issues for the plaintiff, then, in determining the amount of the damages, they might take into consideration such prospective suffering and loss of health, if any, as the jury might believe, from all of the evidence before them in the case, she had sustained or will sustain by reason of such injury, if any. The complaint as to this instruction is, no allegation of prospective suffering is made in the declaration. During the course of the trial leave was given the appellee to amend the declaration so as to include this element of damage, but the amendment was not actually made. Therefore, in this court the declaration stands as originally written, and must be so treated by us. *Wisconsin Central Railroad Co.* v. *Wieczorek*, 151 Ill. 579.

The allegations of the declaration with respect to the point under consideration are as follows: "The plaintiff was then and there thrown, with great force and violence, from and out of the said carriage to and upon the ground, and the plaintiff was thereby then and there greatly bruised, hurt and wounded, and her sight of both eyes was greatly impaired, and she became sick, sore, lame and disordered and her sight of both eyes greatly impaired, and so remained for a long space of time, to-wit, hitherto, during all of which time she, the plaintiff, suffered great pain, and was hindered and prevented from attending to and transacting her affairs and business, and by means of the premises the plaintiff was forced to and did lay out divers large sums of money, to-wit, the sum of $1000, in and about endeavoring to be cured of her said wounds, hurts and bruises and impaired eyesight, occasioned as aforesaid."

In the case of *Eagle Packet Co.* v. *Defries*, 94 Ill. 598, which was an action on the case to recover damages for personal injuries, the allegation of the declaration was, "the plaintiff then and there became and was sick, lame and disordered, and so remained for a long time, to-wit, hitherto," and it was assigned for error the instructions authorized the jury to award damages for permanent injury, for the reason the declaration did not allege the plaintiff had suffered permanent injury, and the court said (p. 603): "The permanency of plaintiff's injury was merely evidence to be considered by the jury in determining the severity of the plaintiff's sickness, lameness and disorder, and the rules of pleading do not require the plaintiff to set forth in his declaration the evidence upon which he relies." The same principle is declared in *City of Chicago* v. *McLean*, 133 Ill. 148, and in 5 Ency. of Pl. & Pr. 747.

Complaint is made of the third instruction given on behalf of the appellee. The purport of this instruction was, that "both plaintiff and defendant were equally in the position of right to use the public thoroughfare upon

which the plaintiff was driving and the defendant was operating its cars, which right they held and enjoyed independently of each other, provided each exercised ordinary care in the use of the street." The specific complaint is, the effect of the proviso was to declare, if the defendant did not use ordinary care in the use of the street it thereby lost the right of user. The proviso was added by the court, and for the manifest purpose of advising the jury that the existence of the right to use the street did not absolve the parties, or either of them, from the duty of using ordinary care for their own safety and the safety of others while exercising such right. The criticism advanced, that the instruction declared to the jury that if the appellant company failed to exercise such ordinary care it was thereby deprived of the right to use the thoroughfare and became a trespasser upon the highway, finds no support except in a strained and unreasonable construction of the language employed. The proviso has reference to the exercise of the right—not the existence thereof.

It is complained other instructions were given authorizing the jury to find for the plaintiff if they found the evidence supported her cause, the specific ground of the objection being, there was no evidence tending to show either that the appellee, on the occasion in question, exercised due care for her own safety, or that the employees of the appellant company failed to use ordinary care in the management of the car.

We find evidence in the record tending to show the following state of facts: Appellee was riding alone, in a one-horse buggy having a top, northwardly on California avenue, in the city of Chicago. Appellant operates a double track line of cable street cars on Madison street, which runs east and west and intersects California avenue at right angles. Appellee approached this street crossing from the south as a train of appellant's cars approached it from the west. Another conveyance northwardly bound

—a two-horse, two-seated vehicle—was standing on California avenue awaiting the passage of appellant's eastbound train.   Appellee also awaited the passage of the same train, taking a position on California avenue between the two-horse vehicle and the curb on the west side of the avenue.   The east-bound train passed over California avenue and stopped on Madison street east of the avenue.   The two-seated vehicle was put in motion, northwardly, and appellee also proceeded to drive her buggy in the same direction, keeping her position west of the other conveyance, both proceeding to cross the tracks of appellant's railroad on Madison street.   At the same time another of appellant's trains, bound westwardly on the north track on Madison street, was approaching the crossing, and this train reached the crossing and collided with the rear wheels of appellee's buggy at the instant it was clearing the track, causing her to be thrown to the street and injured. The hour was probably 8:30 P. M., June 23, 1893.   It was twilight.   The lamps in the headlights of the cars had been lighted and a gas light was burning at the street corner.   This train was probably some forty feet east of the east line of California avenue when appellee reached the south line of Madison street. In front of the train, and on the track on which it was moving, was a heavy wagon,—some of the witnesses thought it was a coal wagon, and others a truck wagon with a high bed,—being driven westwardly on the track. The gripman on the car rang his bell warning the wagon to leave the track, and though the bell, as some of the witnesses said, was kept continuously ringing, the wagon kept moving along upon the track until it reached California avenue, a distance of seventy-five or one hundred feet, and then turned north—to the right—up California avenue.   The train was moving slowly immediately in the rear of the wagon, and when the wagon left the track the gripman, as he testified, increased the speed of the car, and just at that moment saw the appellee's buggy

about twelve feet away, but could not stop the train in time to prevent a collision.

Appellee testified that when she started to cross Madison street she looked to the east and saw nothing but the east-bound train standing on Madison street, just beyond the east line of California avenue, and that she urged her horse into a trot. She saw the two-seated vehicle, which was also in motion in the same direction she was going, and when she reached the south track of appellant's road she looked again to the east and could see nothing but the east-bound train still standing on the track, and that as she was crossing the north track of appellant's road she first saw the headlight of the west-bound train, and that she heard the bell for the first time immediately after seeing the headlight. It was fairly to be considered from the facts thus inferred from the evidence, that appellee, in approaching the crossing and endeavoring to make her way across the street and tracks, proceeded with that degree of diligence and care which ordinarily careful and prudent persons exercise under such circumstances. The evidence further tended to show the act of the gripman in suddenly increasing the speed of his train while upon a street crossing and just as the train emerged from behind a wagon, without first endeavoring to ascertain if the track upon the crossing was clear, was not such as should be deemed the exercise of ordinary care. One trusted with the control of the course of an instrumentality of such dangerous character as a train of cars in motion across a thronged street crossing, in order to exercise what the law deems ordinary care, must use that degree of care and prudence which the safety of those whom he must, in good reason, know are or are likely to be imperiled by the dangerous agency he is operating in a public place, demands should be exercised.

We think the record free from error reversible in character. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*