# Frank R. Smythe, Defendant in Error, v. Charles P. Parish & Company, Plaintiff in Error.

## Gen. No. 13,484.

MASTER AND SERVANT—*what sufficient to establish charge of failure to furnish suitable appliances.* It is sufficient to show that the machinery supplied to a servant did not operate properly and that the defendant knew that fact—the particular flaw or cause of the improper operation need not be shown by the plaintiff.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed March 20, 1908, on first rehearing. Rehearing denied April 14, 1908.

John Stuart Roberts, for plaintiff in error.

Lee D. Mathias, for defendant in error.

Mr. Justice Smith delivered the opinion of the court.

The defendant in error, Frank R. Smythe, was employed by the plaintiff in error in its factory in operating a die press. While at work at the machine on April 20, 1899, his right hand was caught between the upper and lower dies and so injured that he lost the middle finger and the index finger. Defendant in error sued plaintiff in error in an action on the case to recover damages for alleged negligence of plaintiff in error in permitting the machine to become out of order and in such a condition that it was apt to repeat and inflict bodily harm upon any person working at the machine.

Plaintiff in error filed the general issue. On the trial the jury returned a verdict finding plaintiff in error guilty and assessing damages at five thousand dollars.

The testimony in the record shows that the defendant in error, at the time of the injury, was engaged in trimming pump tops on the machine in question. This work consisted in placing a small pan-shaped piece of tin in the upper die of the machine with his hand, and then pressing the lever with his foot for an instant. The upper die would then come down with the pump top, and its edges would be trimmed into the proper shape, and it would fall through a hole in the lower die. The upper die would then be carried back by the machine to its highest position and remain there.

The evidence on the part of the defendant in error tended to show that sometimes the piece of tin would get caught in the lower die, and that it was necessary for defendant in error to reach his hand in and press it through the lower die. On the occasion of the injury in question, while defendant in error was pushing

a piece of tin which had caught in this manner through the lower die, the upper die came down without any pressure upon the lever and crushed his fingers and remained down. He had worked on the machine or similar machines about six weeks, and it had never repeated before during that time; nor had anything occurred in the operation of the machine which suggested to defendant in error that it was likely to repeat. There is evidence in the record given by other employes of plaintiff in error that this same machine had repeated before the accident in question, and that it repeated after defendant in error was injured.

The evidence in behalf of defendant in error tends to show that the machine was out of order and defective in several particulars, and had repeated before the time in question and the plaintiff had notice of its action and condition; and that the peculiar action of the machine at the time of the injury in repeating the downward movement of the upper die would be occasioned by either one of the defects pointed out in the evidence on behalf of defendant in error. This evidence is contradicted by the evidence on behalf of plaintiff in error which tends to show that the machine was in good order and that the defects claimed did not exist in the machine, and if they had existed they would not have caused the machine to repeat as it did when the injury was inflicted.

It is conceded on both sides that if the machine was in good order, one pressure upon the lever for an instant would not cause the upper die to come down the second time and remain down, as it did at the time of the injury to defendant in error.

Upon a careful review of the evidence and the arguments of counsel, and upon a second consideration and review of the record upon a petition for a rehearing and the answer thereto, we are of the opinion that the conflict in the testimony makes the case a proper one for the jury, and that we ought not to set aside the verdict and judgment. By their verdict the jury found

that the machine worked improperly. It was not nec-
essary for defendant in error to prove what particular
flaw or imperfection caused the improper working or
operation of the machine. It was sufficient to prove
that it did so improperly operate, and that plaintiff in
error knew that it had so operated before the opera-
tion in question. Nat. Enameling & Stamping Co. v.
Kinder, 126 Ill. App. 642. The fact, which is not con-
troverted in the evidence, that the upper die descended
without being caused to do so by the operator, and re-
mained down, tends to show, irrespective of the cause,
that the machine was out of order and defective.
Maden v. Waldowski, 101 Ill. App., 367-372. It may be
conceded that the expert evidence offered on behalf of
plaintiff in error that the particular conditions and de-
fects shown by the evidence on behalf of defendant
in error, would not mechanically produce the peculiar
action of the machine, was more satisfactory and per-
suasive than the evidence on that point offered by de-
fendant in error, still the jury might properly have
entertained an opinion from the evidence that it did
not meet the fact of the peculiar action of the machine,
or they might have held a different opinion from the
experts as to the cause of that action. The jury be-
lieved the evidence on behalf of defendant in error as
to what happened at the time of the injury, rather than
the theory of the experts as to what could or would
happen as results, mechanically, from the conditions
or defects named.

We do not think the court erred in instructing the
jury that they might consider "what, if any, effect
such injuries may have upon him in the future in respect
to pain and suffering." The allegations of the declara-
tion were sufficient, in our opinion, to entitle defendant
in error to recover for future pain and suffering. West
Chicago St. R. R. Co. v. McCallum, 169 Ill. 240-243;
The Eagle Packet Co. v. Defries, 94 id. 598; City of
Chicago v. McLean, 133 id. 148.

Complaint is made that the court refused to give

two instructions requested by plaintiff in error. These instructions were fully covered by other instructions given at the request of plaintiff in error, and it was not error, therefore, to refuse them. We cannot hold that the verdict is excessive. No other questions are presented by the briefs. The judgment is affirmed.

*Affirmed.*