Price, C. J.
The defendant in error brought suit in the court of common pleas against the *244 plaintiff in error to recover damages sustained by wrongfully causing the death of the intestate, Michael O’Rourke Durack, who at the time he was injured was employed and acting as a conductor on one of the cars of the company. The petition sets out fully several particular negligent acts and omissions of duty which caused the death of the deceased. It is not necessary to restate here the facts alleged in the amended petition in order to determine the question presented for our consideration.
The traction company answered and denied all the allegations of the amended petition, except that it is a corporation under the laws of Ohio, and a common carrier of passengers for hire in the city of Cincinnati. The answer alleges that the injuries sustained by the deceased were due to his negligence and want of care. This averment is denied by a reply.
The case went to trial, and at the close of the plaintiff’s evidence, the company moved the court to direct a verdict in its favor, which motion was overruled, and the company excepted. Hav-r ing so excepted, it proceeded to make out its defense and introduced its evidence and rested without renewing its motion for a directed verdict. The court instructed the jury, who in due time returned a verdict for the plaintiff assessing her damages at $6,ooo. Within the statutory time, the company filed a motion for new trial assigning the grounds: “(i) Said verdict is not sustained by sufficient evidence and is contrary to law. (2) The court erred on the trial in the following particulars to which the defendant at the time excepted, (a) In admitting evi *245 dence offered by the plaintiff and objected to by defendant, (b) In refusing the motion of defendant to strike out certain testimony offered upon behalf of the plaintiff, (c) In overruling the motion of the defendant to instruct the jury to return a verdict for the defendant, (d) In refusing- to admit certain evidence offered by the defendant.”
This motion was overruled and judgment rendered on the verdict. The company entered its exception. A bill of exceptions was prepared, allowed and filed and therewith a petition in error, in the circuit court where the case was heard on error. The following entry shows the result of the proceeding in the latter court. “The said court (common pleas) erred in overruling the motion to direct a verdict for the defendant below, made at the close of the evidence offered by the plaintiff below; that the verdict is not sustained by sufficient evidence; * * *.” The circuit court reversed the judgment of the court of common pleas, granted defendant a new trial, and issued a mandate to the court below to carry the judgment of reversal and for costs into execution.
The traction company excepted “to so much of the foregoing judgment as grants a new trial to the defendant in error and remands the cause to the court of common pleas for that purpose, instead of rendering judgment in favor of the plaintiff in error.”
The case is brought here on error to the circuit court and the error assigned in this court is that, “the said circuit court erred in granting to the said defendant in error a new trial and in remanding the cause to the said court of common *246 pleas for that purpose instead of rendering judgment in favor of this plaintiff in. error on the merits of the cause.”
The plaintiff in error prays in its petition, “that said judgment of said circuit court be modified by a reversal of so much thereof as grants to said defendant in error a new trial, and that this court render final judgment in favor of plaintiff in error * * *.”
From this statement of the case, we are inclined to think that the plaintiff in error obtained from the circuit court more than its dues. That court found that the verdict was not sustained by sufficient evidence, and it also found that the trial court erred in not sustaining the motion of defendant made when the plaintiff rested, to direct a verdict for, the defendant. With those findings the plaintiff in error is content, but it finds fault with the neglect of the circuit court to render judgment in its favor on the motion, after it had held that it should have been sustained, and we are asked to do what the company says the circuit court should have done — sustain the motion and render judgment for plaintiff in error.
We are not convinced that we should do this, for the claim in that behalf is founded on an erroneous application of ■ one or more rules of practice, as we will proceed to show. It is plain that if the motion to direct a verdict was well grounded and should have been sustained when the plaintiff rested, the defendant had an election in case it was overruled by the trial court, as was done in this case, either to stand on the exception to the ruling on its motion and let judgment be entered accordingly, trusting to a review in the *247 higher courts, or, to proceed with its defense. The latter course was pursued in the present case, and the company introduced its testimony, but did not renew the motion for a verdict, and the same was not heard of again until it was mentioned in the motion for a new trial. What is the legal effect of this election ? is the question before. us, and it is so presented in the record as to require decision and report in order that our practice in this regard may be settled.
There are perhaps three views taken of the subject which are properly present for our consideration. One is that where the court overrules the motion of the defendant for a verdict at the close of the plaintiff’s evidence, and the defendant introduces his .evidence to make out the defense, and rests without renewing the motion the exception to the ruling on the motion made is waived and error cannot be assigned on such ruling. Another view suggested is, that where such motion made at the close of plaintiff’s evidence is improperly overruled, and the evidence afterwards introduced by the defendant, and by plaintiff in rebuttal, in no manner strengthens the plaintiff’s case, the motion for verdict at close of plaintiff’s evidence must be given force, since defendant’s waiver of it by going into the defense only goes to the extent of allowing plaintiff to benefit by the evidence afterwards introduced.
The third view is that the exception to the decision of the court denying a motion for verdict at the close of plaintiff’s evidence is not waived by putting in the evidence for the defense, but lives throughout the trial, survives an adverse judgment, and remains as a basis for *248 assigning error in the reviewing court. • The .latter and perhaps the preceding view is held by the plaintiff in error, but the reasons advanced for the claim áre lacking in force and will not bear analysis.
Without renewing the motion for verdict, which would challenge the action of the court on the whole evidence adduced, the defendant consents that the issues go to the jury for decision on the facts, and leaves no question of fact or law to be determined by the court.
In the case at bar, after the motion was overruled, the trial proceeded. The witnesses for defendant were examined and cross-examined. Each party asked for special instructions on the merits. The arguments of counsel were made and the court charged the jury. The jury found for the plaintiff. The defendant’s motion for new trial, among other grounds, alleged that the court erred in not sustaining the motion to direct a verdict at close of plaintiff’s evidence. This part of the motion was too late, for the court should have been given an opportunity before the case was submitted to the jury, by a renewal of the motion for a verdict, to pass upon the sufficiency of the evidence to sustain the plaintiff’s cause of action. Without such action, the trial court had a right to assume that after defendant introduced its evidence, and the plaintiff her rebuttal,, if any, the facts were for the jury and not for the court. And when the case reached the circuit court on error on such a record, that court was asked to pass on the motion for a directed verdict made at close of the plaintiff’s evidence, and it did pass on it and decided that the court of common pleas *249 erred in not sustaining it. If the defendant, by introducing its defense, rested without renewing the motion, waived it, the circuit court should not have so found, and we are not authorized to go still .farther than that court, and render final judgment on the original motion. To render such a judgment would require us to weigh the evidence introduced by both parties.
In,our judgment the defendant lost the benefit of its motion for a verdict by introducing its evidence without afterwards renewing the motion. In other words, proceeding with the defense waived the motion, unless it was afterwards renewed.
The exception to the rule, that if the evidence of the defendant does not strengthen the plaintiff’s case or supply defects in his evidence, no renewal of the motion is necessary, is not well founded. If such is the result of defendant’s evidence, the attention of the trial court should be challenged to that fact, so that it might determine the question. Without such challenge the whole case goes to the jury.
We have no precedent in this state on the subject, because, perhaps, the question has not heretofore been pressed, and so discussed as to require decision. But the courts of several other states have passed on the precise question, holding according to our views, and the federal courts with remarkable uniformity hold the same way. The Supreme Court of the United States in numerous cases has so ruled and it has become the settled practice of the federal courts.
Drawing upon the state courts, we find Noyes, French & Fickett v. Parker, 64 Vermont, 379, *250 where it is said, by introducing evidence upon his part the defendant waives an exception to the action of the court in overruling his motion for a verdict made at the close of the plaintiff’s case. The opinion in that case cites several former decisions of the same question, and the court says on p. 385: “By proceeding with the trial after this ruling of the court, and introducing evidence in defense, the defendant waived this exception. To have availed himself of it he should have rested.”
It is held in Lake Shore & Michigan Southern Ry. Co. v. Richards, 152 Ill., 59, that “a motion made at the close of plaintiff’s evidence to instruct the jury to return a verdict for the defendant is in the nature of a demurrer to evidence, and if the defendant desires' to avail himself thereof he should abide by such motion. By introducing evidence and submitting the case to the jury without renewing the motion, the error, if any, is waived.” The court cites a former decision in Joliet, Aurora & Northern Railivay Co. v. Velie, 140 Ill., 59, which is of like import.
In McGregory v. Prescott, 5 Cush., 67, it is ruled: “If a defendant moves for a non-suit and afterwards offers evidence in defense, this is a waiver of the motion.” In the opinion of the court it is said: “The defendant had no right to require of the judge an opinion upon the weight and sufficiency of the evidence to support the plaintiff’s case, or whether the plaintiff had made out a prima facie case, unless" he meant to leave the case on that evidence to the jury, under the direction of the court. Treating it as a motion for a non-suit, the defendant waived it by offering *251 evidence on his part.” See, also, Chicago & Great Western Railroad Co. v. Wedel, 144 Ill., 9.
The Supreme Court of Michigan in Lynch v. Johnson, 109 Mich., 640, says that, “by putting in proofs after the denial of his motion for a non-suit, defendant waives all rights under the motion.”
And in Illstad v. Anderson, 2 N. Dak., 167, the supreme court decides that, “a motion to dismiss, made at the close of plaintiff’s case, is waived unless renewed after all the evidence is in.”
In City of Greenfield v. Johnson, the Appellate Court of Indiana, 30 App. Ct. Rep., 127, decides that, “alleged error in refusing to direct a verdict for defendant is waived by defendant introducing evidence in its own behalf after the court’s ruling on the motion.” The opinion cites a former decision of that court and other authorities. See, also, Core v. Ohio River R. R. Co., 38 W. Va., 464.
In Barabasz v. Kabat, 91 Md., 53, the following rule is laid down: “When, at the close of the plaintiff’s evidence, the defendant asks the court to instruct the jury that there is no legally sufficient evidence to entitle the plaintiff to recover, and that prayer being refused the defendant proceeds to offer evidence in defense, then on appeal from a judgment in favor of the plaintiff on the whole evidence, the ruling’ of the court on the prayer so offered is not open for review, and if there was error in the ruling it was waived by the defendant.” In commenting on the practice in such instances, where the defendant proceeded with his evidence after a refusal of his motion, *252 that court says: “The question here raised has never been presented in this court, but for the reasons we have given we think the contention of the appellees is logical and correct. It would certainly produce a failure of justice if a verdict of a jury rendered upon the evidence of both parties, and upon instructions at the close of the case, to the granting or refusing of which there was no exception, should be set aside upon an alleged erroneous ruling upon the plaintiffs evidence only; and it would be trifling with the purpose for which courts are created to require the review of an error which, if declared, would not justify a reversal.”
In Hopkins v. Clark et al., 158 N. Y., 299, the court of appeals adds its declaration that, “when a defendant, at the close of the plaintiffs evidence, moves to dismiss the complaint, and the motion being denied, excepts to the ruling and then proceeds with his case and puts in evidence on his part, he thereby waives the exception.” In the opinion, the court furnishes sound reason for the rule as applied in a court of last resort. It is said: “It is the contention of appellants that they are entitled to the benefit of the exception taken to the denial of the motion to dismiss at the close of plaintiff’s case, as that was not strengthened, but was clearly weakened by the defendant’s evidence. In other words, this court is to be asked in all cases to examine the evidence of the defendant, no matter how lengthy it may be, to determine whether defendant shall have the benefit of an exception concerning which all doubt would be removed by his renewing the motion to dismiss at the close of the whole evidence * * *253 The same court in Bopp v. N. Y. Elec. Vehicle Transp. Co., 177 N. Y., 33, again makes the same ruling.
In one of our new states the same question arose and was taken to the supreme court for determination. This determination was had in Bowman v. Eppinger, 1 N. Dak., 21, and is stated as follows: “After plaintiff rested in chief, defendant moved the court to instruct the jury to return a verdict for the defendant, and the motion was overruled, and subsequently defendant put in his evidence.
“Held: That error cannot be assigned on the ruling on the motion for verdict, as the error, if any, was waived by defendant by subsequently introducing his testimony; and held, further, that if defendant desired to preserve the point, he must renew his motion for verdict upon all the evidence in the case.”
These, with many others, are the declarations of the state courts on the point under discussion, and we are not cited to any case holding the contrary. We have no opposite holding in this state. The case of B. & O. R. R. Co. v. McClellan, 69 Ohio St., 142, is not in conflict with the current of opinion, but on the contrary recognizes the practical operation of the approved rule of practice.
When we turn to the pronouncements of the federal courts, we hear -but one voice. We will not cite the numerous decisions of the federal circuit courts, for it is sufficient to ascertain the judgment of the Supreme Court of the United States. The Grand Trunk Ry. Co. v. Cummings, 106 U. S., 700, is treated as a leading case, and *254 it is there held, that “although the refusal at the close of the testimony for plaintiff, to direct a verdict for the defendant would justify a. reversal of a judgment against them, yet if they proceed with their defense and introduce testimony which is not in the record, the judgment on the verdict which the jury, under proper instructions, find against them, will not be reversed on account of that refusal.” This is the rule applied to the particular circumstances . of that case. That court spoke again in Accident Ins. Co. v. Crandal, 120 U. S., 527, in the following terse proposition: “The refusal of the court to instruct the jury, at the close of the plaintiffs evidence, that he is not entitled to recover, cannot be assigned for error, if the defendant afterwards introduces evidence.” Again in Union Ins. Co. v. Smith, 124 U. S., 405, it was said: “A motion by the defendant at the close of the plaintiff’s testimony, to take the case from the jury, was properly refused, because it was a motion for a peremptory non-suit against the will of the plaintiff, and it was waived by the introduction by the defendant of testimony in the further progress of the case.” The same rule is laid down in Robertson v. Perkins, 129 U. S., 233.
The question was again before that court in Columbia & Puget Sound Railroad Co. v. Hawthorne, 144 U. S., 202, and it was said that, “the refusal to direct a verdict for the defendant at the close of the plaintiff’s evidence and when defendant has not rested his case, cannot be assigned for error.”
In Bogk v. Gassert, 149 U. S., 17, the same rule is repeated, and in the opinion of the court *255 by Justice Brown, it is said: “A defendant has an undoubted right to stand upon his motion for a non-suit, and have his writ of error if it be refused, but he has no right to insist upon his exception, after having subsequently put in his testimony and made his case upon the merits, since the court and jury have the right to consider the whole case as made by the testimony. It not infrequently happens that the defendant himself, by his own evidence, supplied the missing link, and if not, he moves to take the case from the jury upon the conclusion of the entire testimony.”
See, also, Union Pac. Railway Co. v. Daniels, 152 U. S., 684; Wilson v. Haley Live Stock Co., 153 U. S., 39; Union Pac. Railway Co. v. Callaghan, 161 U. S., 91, and Hansen v. Boyd, same report, 397.
We have thus set the authorities in array, and we find that by the consensus of the federal authorities, the motion for a verdict at the close of plaintiff’s evidence is waived by the defendant, when he subsequently introduces his testimony in defense, without regard to its renewal at the end of all the evidence, while the state courts from whom we have quoted hold to the same rule, to-wit: unless the defendant renew his motion for a verdict at the close of all the evidence. Giving due consideration to the reasons which underlie the various decisions, we are disposed to hold, that the exception to the motion for a verdict at close of plaintiff’s evidence, is waived by the defendant by introducing his defense, unless the motion be renewed at the end of the whole evidence, and if it be so renewed it challenges the sufficiency of plaintiff’s evidence taken in connection with the *256 facts which appear in the evidence introduced by the defendant. We think the application of this form of the rule will be fair to both parties in the trial of a cause, and on its review in the higher courts.
It follows from the foregoing that the circuit court did not err in refusing to enter judgment on the motion for verdict at close of plaintiff’s evidence, and that its judgment remanding the case for new trial should be affirmed.

Judgment affirmed.

Si-iauck, Crew, Summers, Spear and Davis, JJ-, concur.