FRANK R. SMYTHE, Defendant in Error, vs. CHARLES P. PARISH & Co. Plaintiff in Error.

*Opinion filed December 15, 1908.*

1. APPEALS AND ERRORS—*questions not raised in the Appellate Court will not be considered by the Supreme Court.* The Supreme Court will not consider the questions of variance and of the alleged want of evidence in the record to prove the averments of the declaration, where it appears from the certified copy of the brief and argument in the Appellate Court that such questions were not raised in that court.

2. SAME—*it is not error to refuse substantial repetitions of given instructions.* It is not error to refuse instructions containing propositions which are fully covered by other instructions which have been given.

3. SAME—*the Supreme Court will affirm with damages if writ of error is prosecuted for delay.* If the condition of the record on writ of error is such that the Supreme Court is of opinion the writ was prosecuted merely for delay, the judgment below will be affirmed with damages.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. A. H. FROST, Judge, presiding.

JOHN STUART ROBERTS, (IRA C. WOOD, of counsel,) for plaintiff in error.

LEE D. MATHIAS, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On February 25, 1905, Frank R. Smythe, defendant in error, recovered a judgment for the sum of $5000 in the superior court of Cook county against Charles P. Parish & Co., plaintiff in error, for personal injuries alleged to have been sustained by him through the negligence of the plaintiff in error while he was engaged in the operation of

a punch press at the manufacturing establishment of plaintiff in error in Chicago Heights. That judgment has been affirmed by the Appellate Court for the First District, and to review the judgment of that court plaintiff in error has sued out a writ of error from this court.

It is now contended that there is in the record no evidence which tends to prove the averments of the declaration, and that for this reason the superior court erred in denying plaintiff in error's motion, made at the close of all the evidence, for a directed verdict. It is also urged that there was a fatal variance between the proof and the declaration. Upon leave obtained, defendant in error has filed in this court a certified copy of the brief and argument filed by plaintiff in error in the Appellate Court. It appears therefrom that neither of these questions was raised in that court. For this reason we cannot consider them.

It is argued here that the amount of the verdict is excessive. That question was finally determined by the judgment of the Appellate Court.

It is insisted that the trial court erred in giving to the jury the second instruction requested by defendant in error. The precise point so presented was decided by this court in *West Chicago Street Railroad Co.* v. *McCallum,* 169 Ill. 240, adversely to the contention now made. No attempt is made to distinguish that case or to show that it was not decided correctly. We therefore deem it unnecessary to again consider the question.

It is then urged that the court erred in refusing the defendant's refused instructions 1 and 2. The propositions contained in those two instructions are fully covered by certain other instructions that were given. Defendant in error by his brief points this out, and plaintiff in error by its reply brief makes no response on this point. No other assignments are relied upon.

We are of opinion that the writ of error from this court was prosecuted for delay.

The judgment of the Appellate Court will be affirmed, and in addition a judgment of this court in favor of defendant in error and against plaintiff in error for the sum of $500 will be entered by the clerk of this court.

*Judgment affirmed.*